UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS D'ANDREA,

        Plaintiff,        Case # 15-CV-467-FPG

v.                    DECISION AND ORDER

ENCOMPASS INSURANCE
COMPANY OF AMERICA,

        Defendant.

---

## INTRODUCTION

After his property was destroyed in a fire, Plaintiff Dennis D'Andrea ("Plaintiff"), brought a declaratory judgment action in New York State Supreme Court, Erie County, seeking a determination that he is entitled to coverage under a fire insurance policy issued by Defendant Encompass Insurance Company of America ("Defendant"). ECF No. 1-1. After answering the Complaint, Defendant removed the action to this Court under 28 U.S.C. § 1446(b) on the basis that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, as is required by 28 U.S.C. § 1332(a). ECF No. 1.

Plaintiff has moved to remand the action to state court, arguing that the amount in controversy does not exceed $75,000, so this Court does not have diversity jurisdiction over the action. ECF No. 3. For the following reasons, Plaintiff's Motion is denied.

## DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interests and costs, and is between . . . citizens of different States." A Defendant to an action brought in state court may remove the case to a federal district court by filing a notice of removal pursuant to 28 U.S.C. § 1446(b). Upon removal, 28 U.S.C. § 1447(c) provides plaintiffs with a procedural vehicle to seek remand of the action back to state court.

Plaintiff has filed such a remand motion under 28 U.S.C. § 1447(c), arguing that because the amount in controversy does not exceed $75,000, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).[1] *See* ECF No. 3-1, at 4.

Defendant is the party invoking federal jurisdiction, so it carries the burden of demonstrating to a "reasonable probability" that the amount-in-controversy requirement is satisfied. *United Food & Comm'l Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994) (quoting *Tongkook Am. Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

As an initial matter, Plaintiff appears to argue that in determining whether subject matter jurisdiction exists, courts may only look to the face of the complaint. *See* ECF No. 3-2, at 4. It is well settled, however, that courts may consider extrinsic evidence outside the pleadings in determining whether subject matter jurisdiction exists. *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002).

Plaintiff seeks relief in the form of declaratory judgment. For purposes of declaratory judgment actions, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Correspondent*

---

[1] Diversity of citizenship is not in dispute as Plaintiff has not challenged Defendant's assertions that (a) Plaintiff is a resident of New York State (b) Defendant is incorporated in California and maintains its principal place of business in Illinois.
Notably, there is no basis for federal-question jurisdiction.

*Servs. Corp. v. First Equities of Florida*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972)). When seeking declaratory judgment to determine the applicability of an insurance policy, which is precisely what Plaintiff is doing here, "the jurisdictional amount in controversy is measured by the value of the underlying claim." *Nat'l Gen. Assur. Co. v. Cimino*, No. 14-CV-6230-FPG, 2014 WL 4275708, at *1 (W.D.N.Y. Aug. 28, 2014) (quoting *Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 187 (D. Conn. 2014) (internal citations omitted)).

Here, Defendant has provided extrinsic evidence—in the form of Plaintiff's sworn proofs of loss under the subject insurance policy—showing that Plaintiff is claiming losses in excess of $225,000.00 under the insurance policy issued by Defendant Encompass. ECF No. 6, at 248-253. Thus, the evidence certainly demonstrates to a "reasonable probability" that the value of Plaintiff's underlying claim exceeds the jurisdictional threshold of $75,000. Consequently, this Court has jurisdiction to hear this case.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to remand this action to state court for lack of jurisdiction (ECF No. 3) is DENIED. By separate order, this case will be referred to a United States Magistrate Judge for the supervision of all pretrial proceedings.

IT IS SO ORDERED.

DATED:   Rochester, New York
         March 28, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court