UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DENNIS D'ANDREA, | 15-CV-467-MJR |
| | DECISION AND ORDER |
| Plaintiff, | |
| -v- | |
| ENCOMPASS INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16). Presently before the Court is plaintiff Dennis D'Andrea's motion, brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), for reconsideration of the Court's Decision and Order granting defendant Encompass Insurance Company of America's motion for summary judgment dismissing D'Andrea's complaint. (Dkt. No. 44). For the following reasons, D'Andrea's motion is denied.[1]

## **BACKGROUND**

The background to this motion is fully set forth in the Court's August 28, 2018 Decision and Order granting Encompass' motion for summary judgment. (Dkt. No. 42). In short, D'Andrea commenced this action seeking property insurance coverage under a policy issued by Encompass (the "Policy") for a fire loss that occurred at a certain property in Lancaster, New York (the "Premises"). (*See* Dkt. No. 1-7 (Amended Complaint

---

[1] The Court retains jurisdiction over the instant motion despite D'Andrea having since filed a notice of appeal. *See Rich v. Associated Brands, Inc.*, No. 08-CV-666S, 2009 WL 236055, at *1 (W.D.N.Y. Jan. 30, 2009).

removed from New York State Supreme Court)). The Court granted Encompass' motion for summary judgment dismissing D'Andrea's complaint based upon D'Andrea having breached the Policy's Concealment or Fraud and Cooperation conditions by intentionally misrepresenting at his Examination Under Oath ("EUO") that at the time of the fire, no names other than his name were on the deed as title owner of the Premises and that there was no mortgage on the Premises. (Dkt. No. 42 (Decision and Order)). D'Andrea's motion for reconsideration argues that this particular finding "overlooked or misapprehended" D'Andrea's EUO testimony, which purportedly shows that D'Andrea did not misrepresent the truth about the deed and mortgage with the intent to defraud Encompass. (Dkt. No. 44-2 (Pltf.'s Memo. of Law)).

## DISCUSSION

"The Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration,'" so "such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Richard v. Dignean*, 126 F. Supp. 3d 334, 336-37 (W.D.N.Y. 2015) (internal quotation marks and citations omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). "These criteria are strictly construed against the moving

party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Richard*, 126 F. Supp. 3d at 337 (internal quotation marks and citations omitted).

Here, contrary to D'Andrea's argument, the Court did not overlook his EUO testimony in granting summary judgment to Encompass — indeed, the Court cited his EUO testimony throughout its Decision and Order. (*See* Dkt. No. 42 (Decision and Order)). The Court even went so far as to cite the exact testimony that D'Andrea contends was overlooked. (*See id.* at 7, 10 (citing page 21 of EUO transcript)). The Court's finding that D'Andrea falsely testified at his EUO that at the time of the fire, no names other than his name were on the deed as title owner of the Premises and that there was no mortgage on the Premises is not clearly erroneous — rather, it is entirely supported by the record, including admissions D'Andrea made in response to Encompass' Statement of Material Facts. (*See id.* at 3 (citing Deft. Stmt. ¶¶26, 28)). D'Andrea's motion for reconsideration ignores these critical admissions. Nor did the Court clearly err in concluding that D'Andrea offered the foregoing testimony with the intent to defraud Encompass. The basis for this conclusion is thoroughly set forth in the Court's Decision and Order and will not be repeated here. (*See id.* at 9-11, 13-14). The Court did not overlook or misapprehend the EUO testimony that D'Andrea contends supports a different conclusion because, as already noted, the Court carefully considered D'Andrea's EUO testimony and all other evidence in the record in rendering its Decision and Order. Accordingly, because D'Andrea has not shown an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, his motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, D'Andrea's motion for reconsideration (Dkt. No. 44) is denied.

**SO ORDERED.**

Dated:	December 7, 2018
	Buffalo, New York

	*/s/ Michael J. Roemer*
	MICHAEL J. ROEMER
	United States Magistrate Judge